UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR., <br><br> Plaintiffs, <br><br> v. <br><br> D. KIRKLAND, *et al.*, <br><br> Defendants. | Case No. 3:21-CV-00308-CLB <br><br> **ORDER DENYING MOTION TO COMPEL** <br><br> [ECF No. 28] |

Currently pending before the Court is Plaintiff Troy Emanuel, Jr.'s ("Emanuel") motion to compel. (ECF No. 28.) For the reasons stated below, the Court denies Emanuel's motion to compel.

Emanuel's motion to compel consists of only one paragraph, which states, in relevant part, the following "Plaintiff Troy Emanuel, Jr in pro-per comes to the Court to ask the Courts to have Defendant Dent Kirkland to answer the Plaintiff interrogatories the right way in this case…." (ECF No. 28 at 1.) Emanuel also claims that he "can never win [his] case if [he] has to follow the rules but they don't." (*Id*.) The motion is not signed by Emanuel and there are no attached points and authorities. In addition, there is no statement or declaration indicating that the parties conducted a meet-and-confer and Emanuel does not provide any of the discovery requests or responses that he claims are insufficient for the Court's review. As such, Emanuel's motion must be denied as it fails to comply with various court rules.

**A.    Meet-and-Confer Requirement**

First and foremost, Emanuel's motion must be denied because he failed to meet and confer with opposing counsel prior to filing this motion. Pursuant to this Court's scheduling order and the Court's Local Rules, prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. Specifically, a discovery motion will not be considered unless the movant has made a

good-faith effort to meet-and-confer with the opposing party before filing the motion. To comply with the meet-and-confer requirement, an incarcerated party is required to send a written communication to the opposing counsel or party explaining, *with specificity*, the discovery dispute, and a request to hold a telephonic meet-and-confer session. *See* LR IA 1-3(f); LR 26-6(b)-(c).

If the meet-and-confer efforts are unsuccessful, the party seeking to compel discovery, or a protective order, may file a discovery motion. The motion must include the following: (1) a declaration providing the details and results of the meet-and-confer conference about *each disputed discovery request*; and (2) the full text of each discovery request and disputed response at issue. (*Id.*)

Here, there is no evidence or declaration provided indicating that any meet-and-confer took place prior to this motion being filed. On this basis alone, Emanuel's motion must be denied.

**B.    Additional Procedural Issues**

However, the motion must also be denied because of Emanuel's failure to comply with other procedural requirements. First, pursuant to the Court's Local Rules, all motions must be supported by a memorandum of points and authorities, which explains the relief requested and provides citations to legal authorities that support the moving party's position. *See* LR 7-2(a). The failure of the moving party to file a points and authorities in support of a motion, "constitutes a consent to denial of the motion." LR 7-2(d). This motion is not supported by a memorandum points and authorities.

In addition, when a party files a motion to compel discovery, the moving party must set forth, *in full*, the text of the discovery originally sought and any response to it. LR 26-6(b). The party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-

TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). Here, Emanuel does not explain or provide any information about *which* specific discovery requests or responses he takes issue with. He just generally wants the Court to order a defendant to answer his interrogatories "right". (ECF No. 28.) This is an improper request and without reviewing the specific requests and responses, the Court cannot discern whether the interrogatory responses provided were proper or not. Therefore, Emanuel's motion must be denied for these additional reasons.

### C. Misc. Issues

The Court reminds both parties that "discovery is supposed to proceed with minimal involvement of the Court." *V5 Tech. v. Switch, Ltd*., 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). To this end, counsel and pro se litigants, "should strive to be cooperative, practical, and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Id*. (internal quotations omitted).

Moreover, prior to the filing of any additional discovery motions in this case, Emanuel is reminded that he must comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's orders. Any additional discovery motions may only be filed **after**: (1) a proper meet-and-confer has taken place; (2) the issues for the Court's consideration are properly narrowed to only those issues that the parties cannot agree upon; and (3) the moving party files a proper memorandum of points and authorities in support of the discovery motion which specifically identifies the discovery requests and responses at issue. *See* LR IA 1-3(f); LR 26-6(b)-(c); LR 7-2(a).

Therefore, the Court orders Defendant Dent Kirkland to review his discovery responses provided to date, and to properly supplement those responses consistent with

the Federal Rules of Civil Procedure. If after any additional supplementation there are any additional issues, the parties are ordered to again meet-and-confer to discuss the outstanding issues Emanuel raises with Defendant's discovery responses. Any such meet-and-confer must comply with the rules discussed above.

    For all the reasons stated above, Emanuel's motion to compel, (ECF No. 28), is denied.

**IT IS SO ORDERED.**

**DATED**: January 2, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**