UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR.,<br><br>                Plaintiff,<br><br>v.<br><br>D. KIRKLAND, *et al.*,<br><br>                Defendants. | Case No. 3:21-CV-00308-CLB<br><br>**ORDER DENYING PLAINITFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[ECF Nos. 29, 30] |

This case involves a civil rights action filed by Plaintiff Troy Emanuel, Jr. ("Emanuel") against Defendant asserting an excessive force claim in violation of Emanuel's Eighth Amendment rights. (ECF Nos. 6, 7.) Currently pending before the Court are Emanuel's motions for temporary restraining order preliminary injunction. (ECF Nos. 29, 30.)[1] For the reasons stated below, Emanuel's motions for temporary restraining order and preliminary injunction, (ECF Nos. 29, 30), are denied.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Emanuel is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. (ECF No. 1-1.) On July 21, 2021, Emanuel submitted his initial complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) In the complaint, Emanuel alleged the following: On January 4, 2021, Defendant Kirkland came to Plaintiff's door to serve him food. (ECF No. 1-1 at 4.) When Kirkland opened the food slot, Plaintiff put one hand on top of his food tray and asked Kirkland why he had not fed a black inmate with a red box on his door. (*Id*.) Kirkland responded by slamming Plaintiff's arm in the food slot four or five times and then putting his body weight on the food slot to smash Plaintiff's arm even more. (*Id*.) Kirkland said he was tired of Plaintiff and that if Plaintiff did not close the food

---

[1]   These motions are identical documents that were improperly docketed twice. (ECF Nos. 29, 30.)

slot, he would break Plaintiff's arm. (*Id*.) Plaintiff told Kirkland that he had violated Plaintiff's rights by using excessive force. (*Id*.) Kirkland admitted that he was in the wrong and gave Plaintiff a food tray. (*Id*.) However, Kirkland then wrote a false charge against Plaintiff. (*Id*.) The false charges were ultimately dismissed because the video proved that Plaintiff had not done anything wrong. (*Id*.) Defendants Ruebart, Gittere, and Drummond did not do anything to correct Kirkland after the incident. (*Id*. at 5.)

Pursuant to 28 U.S.C. § 1915A(a), the District Court screened the complaint on December 27, 2022. (ECF No. 5.) Based on the allegations in the complaint, the Court determined Emanuel could proceed on an Eighth Amendment excessive force claim against Defendant Kirkland. (*Id.* at 7.)

## II. EMANUEL'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On December 29, 2023, Emanuel filed the instant motions for temporary restraining order and preliminary injunction. (ECF Nos. 29, 30.) The motions allege that after Emanuel filed this and other lawsuits against various wardens and Defendant, Defendant and others have retaliated against him in several ways. (*Id*.) As such, Emanuel requests that the Court order "Kirkland and his CERT team friends away from him, and to please transfer him to another prison." (*Id*. at 3.) He also requests that the Court enter an order to not allow "these people to lie to [the Court]" and to prevent them from retaliating against him. (*Id*.)

## III. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider

the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict

the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410-LRH-RAM, 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:09-cv-3012-JAM-KJN, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winters*, 555 U.S. at 24. Therefore, as a threshold matter, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id*.

**IV.    DISCUSSION**

Having reviewed Emanuel's motions with the above-cited principles in mind, the Court finds that Emanuel has not made the showing required for an injunction to issue. First, the issues raised on the present motions involve issues that arise from new facts and circumstances that are distinct from the facts and circumstances that underlie this

lawsuit.

In the current motions, Emanuel asserts that after he filed this and other lawsuits against various wardens and Defendant, Defendant and others have retaliated against him in several ways. (ECF Nos. 29, 30.) He claims that these events took place between June 2023 and December 2023. (*Id.* at 2-3.) However, the facts and circumstances at issue *in this lawsuit* relate to single excessive force incident that occurred on January 4, 2021. (*See* ECF Nos. 6, 7.) The events in the complaint pre-date Emanual's new claims of retaliation by more than two years. Therefore, these motions seek relief based on new allegations of alleged misconduct – that are distinct from issues presented in the complaint – and must be denied. *See e.g., Padilla,* 2011 WL 2746653 at *8 (denying request for preliminary injunction unrelated to claims in the complaint).

In addition, Emanuel's motions must also be denied because Emanual has failed to address or establish any of the *Winters* factors support the imposition of the extreme injunctive remedy sought by these motions. Specifically, Emanual failed to provide any evidence that: (1) he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; or (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted). Therefore, the motions must be denied on this additional basis.

## V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Emanuel's motions for preliminary injunction and temporary restraining order, (ECF Nos. 29, 30), be denied.

**DATED**: January 5, 2024 .

_____
UNITED STATES MAGISTRATE JUDGE